**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 4 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  MARCELO BRITTO GOMEZ, | No. 14-60027 |
| Debtor, | BAP No. 13-1282 |
| _____ | |
| CARTER STEPHENS, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| MARCELO BRITTO GOMEZ; UNITED STATES TRUSTEE, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Taylor, Pappas, and Kurtz, Bankruptcy Judges, Presiding

Submitted October 25, 2016[**]

Before:     LEAVY, SILVERMAN, and GRABER, Circuit Judges.

Carter Stephens appeals pro se from the Bankruptcy Appellate Panel's

_____

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

("BAP") judgment affirming the bankruptcy court's order denying reconsideration of its order dismissing for failure to prosecute Stephens's adversary proceeding. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo decisions of the BAP. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We vacate and remand.

A motions panel of the BAP limited the scope of Stephens's appeal to the bankruptcy court's order denying Stephens's motion for reconsideration. The panel applied the fourteen-day time limit to file a notice of appeal found in Federal Rule of Bankruptcy Procedure 8002(a), and observed that Stephens's motion for reconsideration was not filed within fourteen days and, therefore, did not toll the time limit to file a notice of appeal as to the underlying order of dismissal, *see* Fed. R. Bankr. P. 8002(b). The BAP erred in limiting the scope of Stephens's appeal. *See* Fed. R. Bankr. P. 7058. Because Federal Rule of Civil Procedure 58 applies in adversary proceedings, Fed. R. Bankr. P. 7058, and because the bankruptcy court did not enter a separate judgment in the case, Stephens had 150 days from the entry of the order in the bankruptcy court's docket. *See* Fed. R. Civ. P. 58(c). Stephens timely filed his motion for reconsideration from the February 8, 2012 order dismissing the adversary proceeding, Fed. R. Civ. P. 59(e), and timely appealed

14-60027

from both the dismissal order and from the order denying reconsideration. No tolling was required.

Because the BAP did not reach the issue of whether the bankruptcy court properly dismissed Stephens's adversary proceeding for failure to prosecute, we remand to the BAP to consider the issue in the first instance.

All pending motions are denied.

Each party shall bear its own costs in this appeal.

**VACATED and REMANDED.**